IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aron Salmeri, ) | C/A No.: 1:21-2504-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Deputy Jones III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Aron Salmeri ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on Plaintiff's motion for subpoenas [ECF No. 25] and for an order requesting no contact with Plaintiff and his witnesses. [ECF No. 27].

1.   Motion for Subpoena

In his motion, Plaintiff requests the court subpoena various documents, videos, and people. [ECF No. 25]. Some of the items, such as grievances, incident reports, and requests for mental health treatment, appear to be material subject to discovery requests pursuant to Fed. R. Civ. P. 34. *Id.* Some of the items are requests to subpoena individuals, although Plaintiff fails to indicate whether he wishes to depose these individuals or

have them subpoenaed for trial. *Id.* To the extent Plaintiff seeks documents, he has failed to provide information about the documents he seeks or show that they are relevant to a claim or defense in this case. Plaintiff filed this motion on November 16, 2021, a week prior to the expiration of the discovery deadline. Plaintiff's motion is denied as untimely, in addition to his failure to provide relevance or why this information could not have been obtained via a timely discovery request to Defendant. *Id.*

Further, Plaintiff has failed to show that he can pay the costs associated with serving the subpoenas, the costs of witness fees, or the copying costs of obtaining documents. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Therefore, for all of these reasons, his motion for subpoenas [ECF No. 25] is denied. If this case survives summary judgment, Plaintiff may revisit whether witnesses may be brought for trial.

2. Motion for a No-Contact Order

Plaintiff requests Defendant be moved to other units and not be permitted to have any contact with him during his detention "and any

subsequent returns to being detained." [ECF No. 27]. He also seeks the same relief for his unspecified witnesses. *Id.* Plaintiff claims this relief is needed because of his anxiety attacks when Defendant enters the unit and because of his fear of retaliation. Plaintiff's motion essentially accuses Defendant of bullying and verbal abuse. The Fourth Circuit has held that bullying, harassment, or other verbal abuse, without more, is insufficient to state a constitutional deprivation. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse . . ., without more, do not state a cognizable claim under § 1983). Plaintiff's allegations are insufficient to warrant the extreme relief of requiring the Aiken County Detention Center to ensure there is no contact between Defendant and Plaintiff and his witnesses, including in future detentions. Therefore, Plaintiff's motion for a no-contact order [ECF No. 27] is denied.

    IT IS SO ORDERED.

February 2, 2022                                Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge